# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAIMON JACKSON,

        Plaintiff,

v.

SGT. RANDALL BOUZEK,

        Defendant.

Case No. 19-CV-867-JPS

**ORDER**

The plaintiff, Daimon Jackson ("Jackson"), is incarcerated at Waupun Correctional Institution ("Waupun"). He filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated by the defendant, Randall Bouzek ("Bouzek"), a correctional sergeant at Waupun. (Docket #1). Jackson has paid the full civil filing fee.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at

774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Jackson alleges that Bouzek failed to protect him from being beaten by another inmate. Specifically, Jackson alleges that on December 11, 2018, he and another inmate, Alberto Galvan ("Galvan"), were involved in a physical altercation with a third inmate, Sean Flowers ("Flowers"). (Docket #1 at 1). All three men were placed in restricted housing as punishment. *Id.* Upon release from restricted housing, Flowers and Jackson were placed on the same side of the northwest cell hall. *Id.* at 1–2. Galvan was placed in the same cell hall, but on a different side. *Id.* at 1.

On February 14, 2019, Jackson learned that numerous inmates were planning to "seek revenge" on him because of the fight he had with Flowers. *Id.* at 2. That day, Jackson told Bouzek that he heard inmates in the cell hall were planning to attack him, and that he feared for his safety because he and Flowers were on the same side of the cell hall. *Id.* Bouzek told Jackson he did not care, that Jackson should not have started something he could not finish, and that he would not move Jackson from his place on the cell block. *Id.*

Jackson later went to the chow hall where another inmate, Clyde Scott ("Scott"), approached him and hit him in the face. *Id.* Jackson tried to defend himself, and two other inmates joined the fight to assist Scott. *Id.*

Jackson backed away, but Scott grabbed a knife and attempted to stab Jackson. *Id.* Guards arrived on the scene and took Jackson and Scott to restricted housing. *Id.* As a result of the incident with Scott, Jackson had headaches, a painful and swollen jaw, and eye problems. *Id.* at 3.

On these allegations, Jackson seeks to bring an Eighth Amendment claim against Bouzek for his failure to protect Jackson from a substantial risk of harm posed by the inmates he said were threatening him. *Id.* at 3.

The Eighth Amendment protects prisoners against the infliction of cruel and unusual punishment. *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). "Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in their charge from harm from other prisoners." *Id.* But the Eighth Amendment is not violated every time an inmate gets attacked by another inmate; prisons, after all, are dangerous places by their nature. *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). And so, "an inmate has no claim 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Once a prison official knows about a serious risk of harm, he has an obligation "to take reasonable measures to abate it." *Id.* (quoting *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006)). An official's response may be reasonable even if it does not prevent the harm. *Id.*

Jackson's complaint passes the low bar of screening to state a claim against Bouzek for deliberate indifference to the risk that Jackson would be harmed by other inmates on his cell block. Factual development might reveal that Bouzek did not have actual knowledge of impending harm, *see*

*Dale*, 548 F.3d at 569 ("[A]s the vagueness of a threat increases, the likelihood of actual knowledge of impending harm decreases.") (quotation omitted), or an ability to respond, *see id.* ("The ultimate measure of the adequacy of the response is therefore reasonableness in light of the surrounding circumstances."). Those issues must be left for briefing.

Thus, Jackson shall be permitted to proceed on a claim of deliberate indifference to a serious risk to his safety, in violation of the Eighth Amendment, against Bouzek. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendant;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendant shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if Plaintiff is no longer

incarcerated at any of these institutions, she will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge