# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAIMON JACKSON,

                      Plaintiff,

v.                                            Case No. 19-CV-867-JPS

RANDALL BOUZEK,                  **ORDER**

                      Defendant.

Daimon Jackson ("Plaintiff") is a prisoner at Waupun Correctional Institution ("Waupun"). Plaintiff brings this action, *pro se*, pursuant to 42 U.S.C. § 1983 against Randall Bouzek ("Defendant"), a sergeant at Waupun. (Docket #1). Plaintiff alleges that Defendant violated Plaintiff's Eighth Amendment rights by failing to protect Plaintiff from harm at the hands of other inmates. *Id.* On July 2, 2019, this Court screened Plaintiff's complaint and allowed him to proceed. (Docket #5).

Defendant filed a motion for summary judgment, in which Defendant argued that Plaintiff failed to exhaust his administrative remedies. (Docket #14). This motion has been fully briefed. For the reasons stated below, the Court will grant Defendant's motion.

1.    **Standard of Review**

    1.1.    **Summary Judgment**

Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir.

2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

### 1.2. Exhaustion of Prisoner Administrative Remedies

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1. Inmate Complaint Review System

The Wisconsin Department of Corrections ("DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a). Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id*. § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC 310.10(10).[1] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

---

[1]The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

Case 2:19-cv-00867-JPS   Filed 05/22/20   Page 3 of 9   Document 26

Second, if the ICE recommends, and the reviewing authority accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when either he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of his or her appeal to the CCE, the administrative remedies are also considered exhausted. *Id.* § DOC 310.13(4).

### 1.2.2. Remedies for Disciplinary Proceedings

If an inmate has an issue concerning a disciplinary action, the inmate may raise that issue through the ICRS only after the inmate has exhausted "the disciplinary appeal process under [Wis. Admin. Code] ch. DOC 303." *Id.* § DOC 310.06(2)(b). Pursuant to the disciplinary appeal process, the warden conducts a review and then makes a decision "within sixty days following receipt of the request for appeal." *Id.* § DOC 303.82(2). "The warden's decision is final regarding the sufficiency of the evidence. An inmate may appeal claims of procedural errors as provided under [the ICRS process]." *Id.* § DOC 303.82(4).

## 2. Relevant Facts[2]

Plaintiff alleges that on December 11, 2018, he and inmate Alberto Galvan, had a physical altercation with a third inmate, Sean Flowers

---

[2]Although Plaintiff did not submit his own proposed findings of facts, nor object to Defendant's Proposed Findings of Fact, (Docket #16), Plaintiff did submit a signed complaint (Docket #1) and a signed document entitled "Declaration of Daimon Jackson and Response to Defendant [sic] Motion on Exhaustion

Page 4 of 9

Case 2:19-cv-00867-JPS   Filed 05/22/20   Page 4 of 9   Document 26

Second, if the ICE recommends, and the reviewing authority accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when either he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of his or her appeal to the CCE, the administrative remedies are also considered exhausted. *Id.* § DOC 310.13(4).

### 1.2.2. Remedies for Disciplinary Proceedings

If an inmate has an issue concerning a disciplinary action, the inmate may raise that issue through the ICRS only after the inmate has exhausted "the disciplinary appeal process under [Wis. Admin. Code] ch. DOC 303." *Id.* § DOC 310.06(2)(b). Pursuant to the disciplinary appeal process, the warden conducts a review and then makes a decision "within sixty days following receipt of the request for appeal." *Id.* § DOC 303.82(2). "The warden's decision is final regarding the sufficiency of the evidence. An inmate may appeal claims of procedural errors as provided under [the ICRS process]." *Id.* § DOC 303.82(4).

## 2. Relevant Facts[2]

Plaintiff alleges that on December 11, 2018, he and inmate Alberto Galvan, had a physical altercation with a third inmate, Sean Flowers

---

[2]Although Plaintiff did not submit his own proposed findings of facts, nor object to Defendant's Proposed Findings of Fact, (Docket #16), Plaintiff did submit a signed complaint (Docket #1) and a signed document entitled "Declaration of Daimon Jackson and Response to Defendant [sic] Motion on Exhaustion

("Flowers"). On February 14, 2019, after being released from the restricted housing unit, Plaintiff heard "numerous threats" that other inmates were going to "seek revenge because of inmate Flowers." (Docket #1 at 2, Docket #16 at 1). That day, Plaintiff informed Defendant about these threats and asked to be moved because Plaintiff feared for his safety. Defendant replied that he did not care, that Plaintiff should not have started something he could not finish, and that he would not move Plaintiff. (Docket #16 at 1–2). Later, while in the chow hall, another inmate, Clyde Scott ("Scott") struck Plaintiff in the face and allegedly came towards Plaintiff with a knife. (Docket #1 at 2). As Plaintiff was escorted to the restricted housing unit, Plaintiff heard other inmates say that Plaintiff had "double team[ed] the wrong dude" which Plaintiff perceived to reference Plaintiff's prior altercation with Flowers. *Id.*

Plaintiff did not file an inmate complaint against Defendant's alleged failure to protect Plaintiff on February 14, 2019. (Docket #16 at 2, Docket #17-1). Plaintiff, however, was issued an Adult Conduct Report, (Docket #23-1 at 2), with regard to the incident between Plaintiff and Scott. Waupun staff member Erskine Jude ("Jude") filled out the Adult Conduct Report on February 28, 2019. *Id.* The report does not mention Defendant in any way, but simply recounts the altercation between Plaintiff and Scott.[3]

---

Grounds." (Docket #23). Accordingly, the facts below are taken from Defendant's Proposed Findings of Fact, (Docket #16), to the extent they are supported by admissible evidence, Plaintiff's sworn complaint, (Docket #1), and Plaintiff's signed declaration (Docket #23). *See Ford v. Wilson*, 90 F.3d 246, 246 (7th Cir. 1996) (The court can construe a sworn complaint as an affidavit at the summary judgment stage.).

[3] The Court notes that the Adult Conduct Report states that February 16, 2019 was the date of the incident.

On March 11, 2019, Plaintiff had a Major Disciplinary Hearing. *Id.* at 3. A summary of Plaintiff's statement reads, "I am guilty. I tried to avoid this. He came at me and I defended myself. I got him away and I moved away." *Id.* The Hearing Officer found Plaintiff guilty and Plaintiff appealed that determination. *Id.* at 1, 4. In his appeal, Plaintiff stated that he "tried explaining in [his] statement that [he] informed [Defendant]" that he needed to move because his life was being threatened and that he was left to fend for himself. (Docket #23-1 at 1). Plaintiff averred, however, that this information was disregarded during his hearing. *Id.* On March 27, 2019, the warden affirmed the hearing officer's decision. *Id.*

**3.     Analysis**

Defendant maintains that Plaintiff did not exhaust the available administrative remedies because Plaintiff did not file an ICRS complaint against Defendant. In his reply, Plaintiff contends that the ICRS process was off-limits to him based on the nature of his complaint; therefore, Plaintiff asserts that he did, in fact, exhaust the only relevant administrative remedies. (Docket #23). Specifically, Plaintiff argues that his claim against Defendant is related to a conduct report. *Id.* at 1.

Plaintiff refers the Court to a previous version of the DOC regulations, which prohibits inmates from using the ICRS to raise issues "related to a conduct report, unless the inmate has exhausted the disciplinary process in accordance with ch. DOC 303." Wis. Admin. Code § DOC 310.08(2)(a) (amended 2018). "After exhausting the appeal process in s. DOC . . . 303.82 . . . an inmate may use the ICRS to challenge only the procedure in the . . . disciplinary process . . ." *Id.* § DOC 310.08(3) (amended 2018).  The crux of Plaintiff's argument is that because there were no procedural errors with the review of his conduct report, he could not file an

Page 6 of 9

Case 2:19-cv-00867-JPS   Filed 05/22/20   Page 6 of 9   Document 26

ICRS complaint. (Docket #23 at 2). Instead, Plaintiff alleges that he was limited to the disciplinary hearing process and an appeal to the warden. *Id.* at 3.

The Court notes that because Plaintiff's complaint against Defendant involves an incident that took place in 2019, the regulation Plaintiff cites, Wis. Admin. Code § DOC 310.08 (amended 2018), is inapposite. Therefore, the current version of the relevant regulation, § DOC 310.06(2)(a), applies. Fortunately for Plaintiff, he can still technically make the argument that his incident with Defendant was related to the "disciplinary process," relegating Plaintiff to the universe of ch. DOC 303. Unfortunately for Plaintiff, because his complaint against Defendant is not "regarding" disciplinary action, his argument fails.

Plaintiff broadly reads the phrase "issues . . . regarding . . . disciplinary action" as used in Wis. Admin. Code § DOC 310.06(1). It is clear to the Court that exhausting the administrative remedies of the disciplinary process refers to contesting the assertions in one's Adult Conduct Report, *i.e.*, Plaintiff's fight with Scott. The Court acknowledges that Plaintiff's complaint states that in addition to physical and emotional pain, Plaintiff was subject to disciplinary consequences as a result of the February 14, 2019 altercation. (Docket #1 at 3). Plaintiff then makes the argument that this altercation was ultimately the result of Defendant's failure to protect Plaintiff. However, Defendant's refusal to move Plaintiff or respond to Plaintiff's concerns was not a disciplinary action against Plaintiff. Defendant's failure to move or protect Plaintiff neither caused nor required Plaintiff to respond to Scott with violent conduct, which, in turn, warranted the Adult Conduct Report. Further, Defendant did not issue

Plaintiff this conduct report, nor was Defendant even present at the incident between Plaintiff and Scott.

Similarly, Plaintiff's issue with the hearing officer's summary of Plaintiff's statement, which omits Plaintiff's remarks about Defendant, does not concern Plaintiff's Eighth Amendment claim. Instead, this omission suggests an issue with the disciplinary process outlined in ch. 303. Even if the hearing officer acted improperly with regard to Plaintiff's statement, the mere mention of Defendant at the hearing would not automatically make Plaintiff's claim against Defendant related to the disciplinary action. This is because Defendant's actions (or inactions) against Plaintiff were not disciplinary.

Wis. Admin. Code § DOC 310.06(1) makes clear that inmates may use the ICRS to raise issues of "employee actions that personally affect the inmate or inmate environment." Plaintiff was foreclosed from using the ICRS only to contest the findings of his Adult Conduct Report. Ultimately, Plaintiff could have used the ICRS to complain about Defendant's alleged violation of Plaintiff's civil rights. By not doing so, Plaintiff did not exhaust the available administrative remedies.

For the reasons explained above, Defendant's motion for summary judgment, (Docket #14), will be granted.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment for Plaintiff's failure to exhaust administrative remedies (Docket #14) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of May, 2020.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge